```
 1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
    KENT R. RAYGOR, Cal. Bar No. 117224
 2  1901 Avenue of the Stars, Suite 1600
    Los Angeles, California  90067-6017
 3  Telephone:  (310) 228-3700
    Facsimile:  (310) 228-3701
 4  E-mail:     kraygor@sheppardmullin.com
                valter@sheppardmullin.com
 5
    SHEPPARD MULLIN RICHTER & HAMPTON LLP
 6  DANIEL N. YANNUZZI, Cal. Bar No. 196612
    12275 El Camino Real, Suite 200
 7  San Diego, California  92130
    Telephone:  (858) 720-8900
 8  Facsimile:  (858) 509-3691
    E-mail:     dyannuzzi@sheppardmullin.com
 9
    Attorneys for Plaintiff and Counterdefendant
10  DATA TRACE INFORMATION SERVICES LLC

 1  [*Additional Attorney Information On Next Page*]
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

| | |
|---|---|
| DATA TRACE INFORMATION SERVICES LLC, a Delaware limited liability company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AXIS TECHNICAL GROUP INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants.<br><br>AXIS TECHNICAL GROUP, LLC, a Delaware limited liability company,<br><br>　　　　Counter-Claimant,<br><br>　　v.<br><br>DATA TRACE INFORMATION SERVICES, LLC, a Delaware limited liability company,<br><br>　　　　Counter-Defendant. | Case No. SACV 15-01802 CJC (KESx)<br><br>**ORDER RE:<br>STIPULATED PROTECTIVE<br>ORDER RE CONFIDENTIAL<br>INFORMATION** |

SLATER HERSEY & LIEBERMAN LLP
JONATHAN P. HERSEY, Cal. Bar No. 189240
SCOTT B. LIEBERMAN, Cal. Bar No. 208764
NEIL J. COOPER, Cal. Bar No. 277997
18301 Von Karman Avenue, Suite 1060
Irvine, California 92612
Telephone: (949) 398-7500
Facsimile: (949) 398-7501
E-mail: jhersey@slaterhersey.com
slieberman@slaterhersey.com
ncooper@slaterhersey.com

Attorneys for Defendant and Counterclaimant
AXIS TECHNICAL GROUP, LLC

In order to facilitate the exchange of information and documents that might be subject to confidentiality limitations on disclosure due to federal laws, state laws, and contractual or privacy rights, Plaintiff and Counterdefendant Data Trace Information Services, LLC ("**Data Trace**" or a "**Party**") and Defendant and Counterclaimant Axis Technical Group, LLC ("**Axis**" or a "**Party**" and collectively with Data Trace the "**Parties**") HEREBY STIPULATE AS FOLLOWS:

**1.      PURPOSE AND LIMITS OF THIS ORDER**

The Parties recognize that discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation, and thus present this Stipulated Protected Order Re Confidential Information ("**Order**").  The Parties recognize that this Order is not intended to and will not confer blanket protections on all disclosures or responses to discovery, and that the protection it provides from public disclosure and use extends only to the specific material and information entitled to confidential treatment under applicable legal principles. Further, the Order does not automatically authorize the filing under seal of material or information designated as confidential under this Order.  Instead, the Parties agree and understand that they must comply with C.D. Cal. Local Rule 79-5.1 if they seek to file anything under seal.  This Order does not govern the use at trial of material or information designated as confidential under this Order.

**2.      DESIGNATING PROTECTED MATERIAL OR INFORMATION**

**2.1    Designations Defined.**  As used herein, the designations "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY", and "HIGHLY CONFIDENTIAL – SOURCE CODE" have the following definitions.

**2.1.1** "CONFIDENTIAL" means any material or information that constitutes or includes confidential, proprietary, private, or other competitively sensitive information, the disclosure of which to the general public has the potential to cause harm to the Designating Party.

**2.1.2** "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" means any material or information that constitutes or includes confidential, proprietary, private, or other competitively sensitive information, the disclosure of which has the serious potential to cause harm to the Designating Party.

**2.1.3** "HIGHLY CONFIDENTIAL – SOURCE CODE" means any material or information that constitutes or includes confidential, proprietary, or trade secret source code.

**2.2** **<u>Over-Designation Prohibited</u>.** Any Party or non-party who designates material or information for protection under this Order as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE" (a "**Designator**") must only designate specific material or information that qualifies under the appropriate standard.  To the extent practicable, only those parts of documents, items, or oral or written communications that require protection at a given level shall be designated at that level.  Designations with a higher confidentiality level when a lower level would suffice are prohibited.  Mass, indiscriminate, or routinized designations are prohibited.  Designation is allowed only if the designation is necessary to protect material or information that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm.  Material or information may not be designated as confidential if it has already been made public, or if designation is otherwise unnecessary to protect a secrecy interest, *provided that* a Party's wrongful disclosure of material or information that another Party asserts is confidential without such other Party's written consent shall not form the basis of an assertion that the Party asserting such confidentiality can no longer protect that material or information.  If a Designator learns that material or information that it designated for protection does not qualify for protection at all or does not qualify for the level of designation initially asserted, that Designator must promptly notify all Parties that it is withdrawing or correcting the mistaken designation.

**2.3    Manner And Timing Of Designations**.  Designation under this Order requires the Designator to affix the applicable legend ("CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page, object, and device that contains protected material or information.  For testimony given in a deposition or other proceeding, the Designator shall specify all protected testimony and the level of protection being asserted.  It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all Parties within a week of the deposition or other proceeding, a right make its designation within 21 days from the date of receipt of the transcript of the deposition or other proceeding.  Before a designation is made, the Parties shall treat the transcript as if it were designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of the 21-day period, the transcript shall be treated only as actually designated by the Designator.

    **2.3.1**  A Party or non-party that makes documents or material available for inspection need not designate them for protection until after the inspecting Party has identified which documents or material it would like copied and produced.  During the inspection and before the designation, all material shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY".  After the inspecting Party has identified the documents or material it wants copied and produced, the producing Party must designate the documents, material, or portions thereof that qualify for protection under this Order.

    **2.3.2**  A Party shall give advance notice if it expects a deposition or other proceeding to include designated material or information so that the other Party can ensure that only authorized individuals are present at those proceedings when such material or information is disclosed or used.  The use of a document as an exhibit at a deposition shall not in any way affect its designation.  Once deposition transcripts have been designated pursuant to Paragraphs 2.2 and 2.3,

above, the Designator shall request that the court reporter place a legend on the title page noting the presence of designated material or information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted.

**2.4** **Inadvertent Failures To Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order.  Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material or information is treated according to this Order.

**3.** **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**3.1** **Timing Of Challenges.**  Any Party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**3.2** **Meet and Confer.**  As more particularly described herein, the Parties shall meet and confer in accordance with C.D. CAL. LOCAL RULE 37-1 concerning any challenge to a confidentiality designation.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 10 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief

that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

**3.3** If the Parties cannot resolve a challenge without court intervention, the Parties shall proceed under C.D. CAL. LOCAL RULES 37-2 through 37-4.

**4.     ACCESS TO DESIGNATED MATERIAL OR INFORMATION**

**4.1     Basic Principles**. A receiving Party may use designated material or information only for this litigation. Designated material or information may be disclosed only to the categories of persons and under the conditions described in this Order.

**4.2     Disclosure Of Material Or Information Designated "CONFIDENTIAL" Without Further Approval**. Unless otherwise ordered by the Court or permitted in writing by the Designator, a receiving Party may disclose any material or information designated "CONFIDENTIAL" only to:

> **4.2.1** The receiving Party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;
>
> **4.2.2** The officers, directors, and employees of the receiving Party to whom disclosure is reasonably necessary, and who have signed the Agreement To Be Bound (**Exhibit A** hereto);
>
> **4.2.3** Subject to Paragraph 4.4, below, expert consultants and/or witnesses retained by the receiving Party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement To Be Bound (**Exhibit A** hereto);

  **4.2.4** The Court and its personnel;

  **4.2.5** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement To Be Bound (**Exhibit A** hereto);

  **4.2.6** During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement To Be Bound (**Exhibit A** hereto); and

  **4.2.7** The author or recipient of a document containing the material or information, or a custodian or other person who otherwise possessed or knew the material or information.

 **4.3** <u>**Disclosure Of Material Or Information Designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" Or "HIGHLY CONFIDENTIAL – SOURCE CODE" Without Further Approval**</u>. Unless otherwise ordered by the Court or permitted in writing by the Designator, a receiving Party may disclose material or information designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

  **4.3.1** The receiving Party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

  **4.3.2** Subject to Paragraph 4.4, below, expert consultants and/or witnesses retained by the receiving Party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement To Be Bound (**Exhibit A** hereto);

  **4.3.3** The Court and its personnel;

  **4.3.4** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably

necessary, and who have signed the Agreement T Be Bound (**Exhibit A** hereto); and

    **4.3.5**  The author or recipient of a document containing the material or information, or a custodian or other person who otherwise possessed or knew the material or information.

    **4.4**  <u>**Procedures For Approving Disclosure Of Or Objecting To Disclosure Of Material Or Information Designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" To In-House Counsel Or Expert Consultants Or Witnesses**</u>.  Unless otherwise ordered by the Court or agreed to in writing by the Designator:

    **4.4.1**  A Party seeking to disclose to in-house counsel any material or information designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" must first make a written request to the Designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making.  In-house counsel are not authorized to receive material or information designated "HIGHLY CONFIDENTIAL – SOURCE CODE".

    **4.4.2**  A Party seeking to disclose to an expert consultant or witness retained by outside counsel of record any material or information that has been designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" must first make a written request to the Designator that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" material or information that the receiving Party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3)

-7-

attaches a copy of the expert's current resumé, (4) identifies the expert's current employer(s), and (5) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years.  If the expert believes any of this information at (4) - (5) is subject to a confidentiality obligation to a third Party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose the designated material or information to the expert shall be available to meet and confer with the Designator regarding any such confidentiality obligations.

**4.4.3**  A Party that makes a request and provides the material or information specified in Paragraphs 4.4.1 or 4.4.2 must wait seven calendar days before disclosing any designated material or information to the identified in-house counsel or expert.  The Party may thereafter disclose the designated material or information to the in-house counsel or expert unless, within seven days of delivering the request, the Party receives a written objection from the Designator providing detailed grounds for the objection.

**4.4.4**  All challenges to objections from the Designator shall proceed under C.D. Cal. Local Rules 37-1 through 37-4.

**4.5** **Employees And Contractors Who Were Formerly Employed By The Other Party.**  Various employees and contractors have migrated from Data Trace to Axis or from Axis to Data Trace.  Some are subject to confidentiality agreements or other restrictions concerning their ability to disclose the confidential information of their former employer.  To facilitate discussions with such former employees and contractors, the Parties and their relevant outside retained expert consultants and outside expert witnesses, as addressed further below, shall comply with the following protocols governing such discussions and disclosures.

**4.5.1** A former employee or contractor who is currently employed or contracted by the other Party and who is bound by a pre-existing confidentiality agreement may disclose confidential information obtained in the course of his or her former employment to—and only to:

    (a)    His or her current employer's outside counsel of record; and

    (b)    That outside counsel's outside retained expert consultants and/or outside expert witnesses.

The Party whose confidential information might thereby be disclosed waives any claim of breach of any such pre-existing confidentiality agreement.

**4.5.2** The following restrictions apply to such disclosures:

    (a)    Pursuant to Paragraph 4.3.2 of this Order, an outside retained expert consultant or outside expert witness may participate in such discussions only if he or she is cleared to receive information designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY;

    (b)    The Parties' respective outside counsel of record and their outside retained expert consultants or witnesses shall treat all confidential information received from the former employee or contractor of the other party as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY under this Order; and

    (c)    Any such disclosures of confidential information by a former employee or contractor of the other Party shall be limited to the development, capabilities, use or marketing of Data Trace's data extraction software or Axis' Axis AI software. A former employee or contractor shall not disclose any other confidential material or information without first making a written request to his or her former employer, either directly or through counsel, identifying the general category of confidential material or

information that he or she desires to disclose and explaining its relevance to the Parties' claims or defenses asserted in this action (*see* FED. R. CIV. P. 26(b)(1)). The former employee or contractor making the written request must wait seven calendar days before disclosing that confidential material or information to his or her present employer's outside counsel or their outside retained expert consultants or witnesses, unless within seven days of delivering the request, the former employer makes a written objection providing detailed grounds for the objection. All challenges to objections from the former employer shall proceed under C.D. CAL. LOCAL RULES 37-1 through 37-4.

**4.5.3** This Paragraph 4.5 does not permit or require any former employee or contractor to disclose to his or her present employer or that employer's outside counsel of record or their outside retained expert consultants or witnesses:

(a) Any confidential information of his or her former employer that is not relevant to the Parties' claims or defenses asserted in this action (*see* FED. R. CIV. P. 26(b)(1)); or

(b) Any privileged attorney-client communications or attorney work product held by the former employer, and neither Party intends to waive any such privilege or work product protection.

**5.** **SOURCE CODE**

**5.1** **Location And Supervision Of Inspection**. Any material or information designated "HIGHLY CONFIDENTIAL – SOURCE CODE" produced in discovery shall be made available for inspection in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the designating Party's counsel or another mutually agreeable location. The source code shall be made available for inspection on a secured

-10-

computer in a secured room, and the inspecting Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Designator may visually monitor the activities of the inspecting Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

**5.2** **Paper Copies Of Source Code Excerpts.** The inspecting Party may request paper copies of limited portions of designated source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, other papers, or for deposition or trial. The Designator shall provide all such source code in paper form, including Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE".

**5.3** **Access Record.** The inspecting Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, and shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The inspecting Party shall not convert any of the information contained in the paper copies into any electronic format other than for the preparation of a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document. Any paper copies used during a deposition shall be retrieved at the end of each day and must not be left with a court reporter or any other unauthorized individual.

**6.** **PATENT PROSECUTION BAR**

Absent written consent from the Designator, any individual who receives access to material or information designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not be involved in the prosecution of patents or patent applications concerning the field of the invention of the patents-in-suit for the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for one year after its conclusion, including any appeals. "Prosecution" means drafting,

amending, advising on the content of, or otherwise affecting the scope or content of patent claims or specifications. These prohibitions shall not preclude counsel from participating in reexamination or *inter partes* review proceedings to challenge or defend the validity of any patent, but counsel may not participate in the drafting of amended claims in any such proceedings.

## 7. **PROTECTED MATERIAL OR INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

**7.1** **Subpoenas And Court Orders**. This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested Parties to the existence of this Order and to give the Designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**7.2** **Notification Requirement**. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any material or information designated in this action as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE", that Party must:

    **7.2.1** Promptly notify the Designator in writing. Such notification shall include a copy of the subpoena or court order;

    **7.2.2** Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material or information covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

    **7.2.3** Cooperate with all reasonable procedures sought by the Designator whose material or information might be affected.

**7.3** **Wait For Resolution Of Protective Order**. If the Designator timely seeks a protective order, the Party served with the subpoena or court order shall not produce any material or information designated in this action as "CONFIDENTIAL",

HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court where the subpoena or order issued, unless the Party has obtained the Designator's permission. The Designator shall bear the burden and expense of seeking protection of its confidential material or information in that court.

**8. UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL OR INFORMATION**

If a receiving Party learns that, by inadvertence or otherwise, it has disclosed designated material or information to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the Designator of the unauthorized disclosure, (2) use its best efforts to retrieve all unauthorized copies of the designated material or information, (3) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement To Be Bound (**Exhibit A** hereto).

**9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL OR INFORMATION**

When a producing Party gives notice that certain inadvertently produced material or information is subject to a claim of privilege or other protection, the obligations of the receiving Party are those set forth in FEDERAL RULE OF CIVIL PROCEDURE 26(b)(5)(B). This provision is not intended to modify whatever procedure might be established in an e-discovery order that provides for production without prior privilege review pursuant to FEDERAL RULE OF EVIDENCE 502(d) and (e).

**10. FILING UNDER SEAL**

Without written permission from the Designator or a Court order, a Party may not file in the public record in this action any designated material or information. A Party seeking to file under seal any designated material or information must comply with C.D. CAL. LOCAL RULE 79-5.1. Filings may be made under seal only pursuant to

a court order authorizing the sealing of the specific material or information at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, the Party must explain the basis for confidentiality of each document sought to be filed under seal. Because a Party other than the Designator will often be seeking to file designated material or information, cooperation between the Parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a receiving Party's request to file designated material or information under seal pursuant to C.D. Cal. Local Rule 79-5.1 is denied by the Court, then the receiving Party may file the material or information in the public record unless (1) the Designator seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

**11. FINAL DISPOSITION**

Within 60 days after the final disposition of this action, each Party shall return all designated material and information to the Designator or destroy such material and information, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material or information. The receiving Party must submit a written certification to the Designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material and information that was returned or destroyed, and (2) affirms that the receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material or information. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material or information. Any such archival copies remain subject to this Order.

| | | |
|---|---|---|
| 1 | Dated: June 23, 2016 | SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| 2 | | |
| 3 | | By  *s/ Kent R. Raygor* |
| 4 | | KENT R. RAYGOR |
| 5 | | Attorneys for Plaintiff and Counterdefendant<br>DATA TRACE INFORMATION SERVICES LLC |
| 6 | | |
| 7 | | |
| 8 | Dated: June 23, 2016 | SLATER HERSEY & LIEBERMAN LLP |
| 9 | | |
| 10 | | |
| 11 | | By  *s/ Jonathan P. Hersey*<br>JONATHAN P. HERSEY |
| 12 | | Attorneys for Defendant and Counterclaimant<br>AXIS TECHNICAL GROUP, LLC |
| 13 | | |

1       The parties' Stipulated Protective Order Re Confidential Information is granted.

2 IT IS SO ORDERED.

4 Dated: June 27, 2016

_____
THE HONORABLE KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

474101374.3

-16-

# **EXHIBIT A**

# **AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Data Trace Information Services, LLC v. Axis Technical Group, LLC*, C.D. Cal. Case No. SACV 15-01802 CJC (KESx). I agree to comply with and to be bound by all the terms of that Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any material or information that is subject to this Protective Order to any person or entity except in strict compliance with that Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

-17-